### Village of Germantown v. Henry Goodner.

1. PRACTICE IN APPELLATE COURT—*Improper Abstracts.*—When nothing is shown in the abstract upon which to base an objection, it will not be considered.

Memorandum.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

MABIN & LORD, attorneys for appellant.

SALMANS & DRAPER, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Excepting so much of the bill of exceptions as sets forth the evidence, the abstract furnished is but an index to the record. It contains nothing whatever of the pleadings or instructions. From the argument for appellant we understand it was an action on the case against the village for injury to property of the plaintiff by raising the grade of the street in front of it about three feet, which is alleged to have injuriously affected the means of ingress and egress to and from it and impaired its market value. The property

consisted of three lots, sixty by one hundred and twenty feet each, facing east on Martin street.  His residence was on the north, another dwelling house on the south and a barn and carriage shed on the middle lot.  Plaintiff estimated the value of the whole before the street was raised at $1,800 to $2,000, which the defense claimed was several hundred too high.  Upon the question of the amount of damages sustained twenty witnesses were examined, of whom seven were called by plaintiff.  Their estimates ranged from $300 to $800, the average being considerably above $400, which was the amount found by the jury; while the defendants generally put it from nothing to a trifle, and one thought the street improvement rather enhanced its value.

The court, however, refused to set aside the verdict and gave the plaintiff judgment upon it.

It is complained that evidence of damage to the fences was improperly admitted, because no claim for such was made in the declaration, and also of overflow of water on the premises for the same reason.  And it is further said that from a sympathetic jury, acting " under such instructions as numbers 2 and 3," a municipal corporation can have but little hope of justice.  But where not a word purporting to be from the declaration or instructions appears either in the abstract or argument, we are not inclined to consider such objections.

No other point is presented except that the verdict is against the weight of the evidence; about which there is too much doubt to warrant our interference.  Judgment affirmed.